UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| v. : | Criminal No. CR-06-129 (RMC) |
| CHARLES WASHINGTON, : | |
| Defendant. : | |

**GOVERNMENT'S MEMORANDUM IN AID OF SENTENCING**

The United States, by and through its attorney, the United States Attorney for the District of Columbia, submits this memorandum in aid of sentencing. For the reasons set forth herein, the government respectfully recommends that the Court sentence the defendant to the appropriate guideline sentence of a term of incarceration and a term of supervised release. Further, the government requests that the Court impose an order of restitution in the amount of $4,358 to the Federal Emergency Management Agency ("FEMA"). The government further recommends that as a condition of any supervised release or probation that the Court may impose, defendant obtain and maintain full time employment.

**I.    BACKGROUND**

On June 12, 2006, defendant Charles Washington pled guilty to a one-count felony information that charged him with False Statement, 18 U.S.C. § 1001(a)(2). During his plea colloquy, defendant admitted that at all times material to his offense he was not living at 4775 Gawain Drive, New Orleans, Louisiana. On September 17, 2005, defendant applied to the Federal Emergency Management Agency ("FEMA") for disaster relief. He falsely claimed, among other things, that he resided at 4775 Gawain Drive, New Orleans, Louisiana on August 29, 2005, the date Hurricane Katrina hit New Orleans. As a result of Washington's false

application, FEMA disbursed three separate disaster relief checks to defendant at the address he provided-- 200 35th Street N.E., Washington, D.C.. The defendant, himself, cashed one check for $2,000 in the District of Columbia. The defendant's nephew deposited the other two FEMA checks, for $2,358 and $10,391, in his sister's and her boyfriend's Chevy Chase bank accounts in Silver Spring, Maryland. Defendant claims he had no knowledge that either check had been sent by FEMA prior to their presentment to the bank. When Chevy Chase Bank froze one of the accounts, however, defendant and his nephew went to the bank in Maryland to get the funds from the check released. The defendant provided the bank with a signed affidavit swearing that he had authorized his nephew to sign the FEMA check. The defendant also contacted FEMA claiming that he had not received either check. In addition, on January 30, 2006, defendant delivered two "Stop Payment and Reissue" requests to FEMA, asking that the last two FEMA checks be reissued to him.

## II.     SENTENCING CALCULATION

### A     Statutory Maximum

The defendant pled guilty to one count of False Statement, in violation of Title 18, United States Code, Section 1001(a)(2). The maximum sentence for this offense is five years imprisonment, a fine of $250,000, or a fine of twice the pecuniary gain or loss pursuant to 18 U.S.C. § 3571(d), a $100 special assessment, and a three-year term of supervised release.

### B.     Sentencing Guideline Calculation

Both parties agreed to the Guidelines calculations utilized in the Presentence Report ("PSR"), which correctly calculates the defendant's total offense level at 8. See PSR ¶ 28. This includes the base offense level of six pursuant to U.S.S.G. § 2B1.1(a)(2) and a four-level

enhancement for "loss" of more than $10,000 pursuant to U.S.S.G. § 2B1.1(b)(1)(C). Pursuant to the plea agreement, however, the government agreed not to oppose a two point reduction for acceptance of responsibility which yields a total offense level of 8. The PSR also has calculated correctly the defendant's criminal history as Category III. See PSR ¶¶ 35. Therefore, the guideline range for defendant is correctly calculated in the PSR as 6-12 months imprisonment. See PSR ¶ 96. Given that the applicable guideline range is in Zone B of the Sentencing Table, the Court could impose (a) a term of imprisonment; (b) a term of imprisonment including a term of supervised release which could include substituting community confinement or home detention, provided that at least one month is imprisonment; or (c) a term of probation that includes a condition or combination of conditions that substitute intermittent confinement, community confinement or home detention for imprisonment. See PSR ¶ 97.

Pursuant to 18 U.S.C. §3663A(a)(1)(3), the Court shall enter an order of restitution. The parties agreed that "[t]he total intended loss to the federal government **as a result of Mr. Washington's actions** is $14, 749." See Plea Agreement at ¶ 3(a)(emphasis added). Chevy Chase Bank returned to FEMA $10,391 from the frozen account. The PSR correctly calculated the current loss to FEMA directly attributable to defendant as $4,358. See PSR ¶¶ 112-113. None of the $14,749 in disaster relief would have been issued to defendant, but for, defendant's false application to FEMA. Further, once defendant was unable to retrieve the funds from two of the checks, he made additional false claims to FEMA attempting to get the two checks reissued. The PSR does not reveal any reason why defendant could not obtain gainful full time employment in order to pay the full amount of restitution. The government respectfully requests that the Court order defendant to pay the outstanding loss of $4,358 to FEMA.

In light of this and the defendant's pre-indictment guilty plea, the government respectfully recommends that the Court sentence the defendant to a term of incarceration, not to exceed between six and twelve months and a period of supervised release not to exceed three years, including a condition of full time employment and an order of full restitution.

Respectfully submitted,

JEFFREY A. TAYLOR
UNITED STATES ATTORNEY

_____
DIANE G. LUCAS, #443610
Assistant United States Attorney
Fraud & Public Corruption Section
555 4th Street, N.W.
Washington, D.C. 20530
(202) 514-8097